CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ENRIQUE ARENAL,<br><br>    Defendant. | NO. 3:23-CR-00470-JSC<br><br>**SENTENCING MEMORANDUM OF THE UNITED STATES**<br><br>Date:   July 9, 2025<br>Time:  10:00 a.m.<br>Before: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Defendant Enrique Arenal armed himself and went to the San Francisco International Airport to commit armed robbery. On the previous day, he scouted his targets, two airline employees, as they brought plastic bags to their parked vehicles in the airport parking garage. On the day of the robbery, he spotted them again. Expecting that the trash bags contained marijuana, he confronted the two men, pointing his firearm at them. He made them move to a location of his choosing. He forced the first victim to the ground and the second victim into a vehicle. Mr. Arenal then took the plastic bags and items of personal property from the two men. Having robbed the two victims, Mr. Arenal departed the airport property. The two victims were left to process the trauma of an armed robbery in the parking lot they used for their employment at one of the busiest airports in the country.

This violent incident is the latest point in the upward trajectory of Mr. Arenal's criminality. Multiple felony convictions and prison sentences over the preceding decade did not dissuade Mr. Arenal. As a result, the United States recommends a term of imprisonment of 66 months. The recommended sentence meets the needs of sentencing in this case by balancing the aggravating and mitigating factors, for the reasons discussed below.

## II. OFFENSE CONDUCT

### A. The charges

The Indictment charged two offenses: Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and Possession of Firearm During Crime of Violence in violation of 18 U.S.C. § 924(c). Defendant Arenal pled guilty to the Hobbs Act Robbery count. ECF 37.

### B. The June 2021 armed robbery

The Probation Department described this robbery, including Mr. Arenal's brandishing of the firearm to gain control over and rob the two airline employees. He used the firearm to get one employee on the ground and to push the other down into the driver's seat of a vehicle. PSR ¶ 6.

In the plea agreement, Mr. Arenal admitted his participation in the robbery. His admissions in the plea agreement included details about Mr. Arenal's vehicle and his movements in and out of the airport. He further admitted that he had identified these two airline employees on the previous day when he scouted and observed their movements, as they carried black trash bags that Mr. Arenal had reason to

believe contained marijuana into the parking garage. The plea agreement states:

> On June 7, 2021, I drove my silver Audi, registered in my name with license plate 8FON190, to San Francisco International Airport. I entered the airport garage at 5:33 p.m., exited at 6:26 p.m., and reentered the garage driving the silver Audi at 8:54 p.m. I did not exit the garage until driving the Audi out of the garage several hours later at 1:08 a.m. on June 8, 2021. While in the airport garage, I identified two airline employees who were in possession of black trash bags. On a previous day, I saw these same airline employees moving black trash bags in the garage and I had reason to believe the bags contained marijuana. On this occasion, I along with two other individuals approached the two airline employees. I possessed and brandished a firearm at the airline employees, and I obtained the two black trash bags from the airline employees. I also took their personal property, to include cell phones, backpacks, and wallets. I intended to obtain the black trash bags and personal property items while brandishing the firearm to convey the threat of force if they did not comply. I understood then, and reconfirm now, that this was a robbery and that the two airline employees gave up the black trash bags and personal property items because of my threat of force. I agree that the robbery affected interstate commerce because the airline operates in interstate commerce and the robbery occurred within the airport property against two airline employees.

### III.    CRIMINAL HISTORY

Defendant Arenal has an extensive criminal history. His criminal history score is 14, which places him in the highest category. He has sustained six convictions, five of which were felony offenses. PSR ¶¶ 26-31. His offense conduct included firearms possession (PSR ¶¶ 30-31), theft (¶¶ 26-28), and evading an officer with risk of harm to others while on probation (¶ 28). Mr. Arenal committed multiple offenses while on probation. PSR ¶¶ 27-28, 31-32. Despite earlier prison sentences, he has continued to offend: *see e.g.* 60 days in 2013 (PSR ¶ 26), 32 months in 2016 (¶ 28), 9 months in 2021 (¶ 30), and 27 months in 2022 (¶ 31).

### IV.    SENTENCING GUIDELINES CALCULATION

The government agrees with the United States Probation Department's Sentencing Guidelines calculation. PSR ¶¶ 13-23. The Base Offense Level is 20; five levels should be added for the use of firearms during the robbery; and one level should be added for the taking of a controlled substance. The an adjusted offense level is 26, and after subtracting three units for acceptance of responsibility, the total offense level is 23. An offense level of 23 with a Criminal History Category VI yields an advisory range of 92 to 115 months imprisonment.

## V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Under 18 U.S.C. § 3553(a), the Court should consider the factors applicable to this case, among others: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and 3) the need for the sentence imposed to afford adequate deterrence to criminal conduct.

## VI. SENTENCING RECOMMENDATION

The government respectfully recommends that the defendant be sentenced to 66 months in prison followed by three years of supervised release. Such a sentence would be sufficient, but not greater than necessary, based on the nature of the offense, the need for deterrence, and the history and characteristics of the defendant. The recommended sentence accounts for the aggravating and the mitigating sentencing factors in this case.

### A. Nature of the offense

Enrique Arenal has a history of firearms offenses at San Francisco International Airport, and the instant offense represents an escalation in his conduct. First, in August 2020, he possessed a loaded firearm at a security checkpoint in SFO, and he fled when agents discovered the firearm. PSR ¶ 30. He did not use the firearm in that case apparently but was instead preparing to board a flight and travel with the firearm. Next came this case, discussed throughout, in which Mr. Arenal used a firearm to commit the June 2021 armed robbery. In sum, he scouted his victims, pointed his firearm at them, and used the firearm to gain control over and eliminate any resistance in the victims.

An armed robbery like this is by its nature violent. Mr. Arenal used his firearm and his verbal threats to solidify control – quickly – and restrain the movements of the victims. Being on the receiving

end of a brandished firearm was a terrifying experience for the victims. Moreover, by seizing quick control of the scene, Mr. Arenal increased his ability to complete the robbery before being detected or hindered by anyone else. The airport is a busy public space in general, even at all hours of the day, with bystanders likely present in the parking garage. This is dangerous and violent conduct, and it represents an escalation from Mr. Arenal's then-existing offense conduct as of the date of this robbery. This is an aggravating factor.

Mr. Arenal's conduct included the obtaining of property from another without that person's consent, and he did so - after careful planning - by using threatened force, violence or fear.[1] Mr. Arenal did not just happen to cross paths with the victims. He had reason to know that these two airline employees would bring trash bags containing marijuana to the parking lot. This is another aggravating circumstance, given the planning and information-gathering on Mr. Arenal's part.

Furthermore, the nature of the conduct involves traumatic impact on the victims. The offense involved the intentional violation of the victims' lives, in close proximity, with a firearm. The two airline employees will now live with the experience of being robbed at gunpoint. The very real consequences for Mr. Arenal's victims are another aggravating dimension of his conduct.

Finally, Mr. Arenal's actions affected interstate commerce because he robbed two airline employees at their place of employment, taking bags of marijuana from them. Here, the two airline employees removed the bags of marijuana from a secure area they were able to access only because of their status as airline employees. The two removed the bags and placed them in their vehicles, which were parked in Lot G at San Francisco International Airport, during their work shifts, using their employee status to exit the secure area with the bags without arousing suspicion. The government corrects an earlier discussion with the Court: at the time of the robbery, both airline employees had just clocked out and were about to leave the airport. Even so, they were in a parking lot area they accessed and used as part of their employment. Moreover, the conduct affects interstate commerce for the separate reason that the theft of marijuana affects interstate commerce. *Taylor v. United States*, 579 U.S. 301, 307 (2016). *Taylor* involved a gang's home invasion robberies targeting drug dealers; in each,

---

[1] The stolen property may be contraband, including illegal drugs. *United States v. Cortes*, 757 F.3d 850, 865 (9th Cir. 2014).

the robbers had information about the contraband at the targeted locations. *Id*. at 303-304. The Court reasoned that by offering evidence showing the robbers had the express intent to rob the victims of illegal drugs, the government met its burden to prove the commerce element. *Id*. at 310. For the same reasons, Mr. Arenal's intended theft of marijuana affected interstate commerce.

### B.   Need for deterrence

The need for deterrence in this case is an aggravating sentencing factor. As for specific deterrence, Mr. Arenal has multiple felony convictions. He is in the highest criminal history category. His history includes probation violations. In previous cases, he received lower sentences, but he has continued to offend. He committed this offense conduct on June 8, 2021, during the pendency of his San Mateo County firearms possession case, which resolved eight days later on June 16, 2021. PSR ¶ 30. In other words, being prosecuted for illegal firearms possession apparently did nothing to stop Mr. Arenal from committing this armed robbery. The recommended sentence will protect the community from Mr. Arenal's future offenses for the recommended term of 66 months. In addition, the need for general deterrence is high. The community has a strong interest in curbing this violent conduct. This is not a victimless or nonviolent crime – instead, this was an armed and violent episode that played out in one of the most public of settings, San Francisco's airport. The recommended sentence will signal to like-minded individuals (and to Mr. Arenal) that the Court does not tolerate this offense conduct and will impose serious consequences for those proven to have committed similar conduct.

### C.   History and characteristics of the defendant

Mr. Arenal is a 33-year-old native of San Francisco who has an extensive criminal history, as noted. The Probation Department describes adverse challenges he faced as a young person growing up in San Francisco's Bayview District. His family life also presented challenges due to his parents splitting up and other problems. He is a father to a young daughter, with whom he is close. Although he has used marijuana and alcohol, Mr. Arenal denied any contribution or connection from either to the offense conduct. He has a sparse employment history, but Mr. Arenal has recently completed several certificates and courses while in custody. Notably, Mr. Arenal is working toward a union certification.

Mr. Arenal's history and characteristics support the government's recommended sentence. Mr. Arenal's conduct shows that he will engage in a violent robbery and use a gun to rob victims in public

settings. The connection Mr. Arenal had with his family did not keep him from engaging in the robbery conduct. However, to his credit, Mr. Arenal has admitted his conduct and accepted responsibility for it. The government's recommendation takes into account this acceptance of responsibility while also achieving the other goals of sentencing, including to deter this defendant and others.

## VII.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 66 months of imprisonment, followed by a 36-month term of supervised release, with each of the conditions set forth in the plea agreement, including the expanded search condition.

DATED: July 2, 2025

CRAIG H. MISSAKIAN
United States Attorney

/s/
JONATHAN U. LEE
Assistant United States Attorney